UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN HUTCHESON,

    Plaintiff,

v.                                  Case No. 5:19-cv-146-MCR/MJF

SETH KILLION, et al.,

    Defendants.
_____/

**<u>ORDER and</u>**
**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of Plaintiff's complaint, the undersigned concludes that this case should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Plaintiff's allegations fail to state a facially plausible claim against the Defendants, and the deficiencies cannot be cured by amendment.[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 14

## I.     Background and Procedural History

Plaintiff is a pre-trial detainee confined at the Bay County Jail. (Doc. 1, p. 2). Plaintiff is suing five Defendants: Seth Killion, his public defender; Henry Mark Sims, the Deputy Public Defender for the 14th Judicial Circuit; the Honorable Christopher Patterson, the judge presiding over his criminal case; Assistant State Attorney Alexis Sykes, the prosecutor; and Glenn Hess, the State Attorney for the 14th Judicial Circuit. (Doc. 1, pp. 1-2). Plaintiff claims he is being deprived of a fair trial because (1) his public defender pressured him to take a plea deal and, when he declined, the prosecutor offered him a less favorable deal; and (2) Judge Patterson improperly denied his request for a *Nelson* hearing.[2] (Doc. 1, pp. 5-6). Plaintiff also claims Judge Patterson violated his First Amendment rights when he ordered Plaintiff removed from the courtroom while Plaintiff was "trying to speak out without interruptions" about his public defender's conflict of interest and sexual advances. (Doc. 1, pp. 6-7). As relief, Plaintiff seeks the following:

> That I be appointed paid lawyer not out of the Public Defender's Office or Conflict Office, but "Matthew Meredeth". Also you like the judge recuse himself and Seth Killion for perjury willfully, and violating my rights. All that follow would like to place perjury charge on:

---

[2] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) (prescribing procedure for addressing a criminal defendant's request to discharge counsel); *Hardwick v. State*, 521 So. 2d 1071, 1074-75 (Fla. 1988) (approving the procedure provided in *Nelson*).

>Christopher N. Patterson; Alexis Sykes; Seth Killion; Mark Henry Sims, Glenn Hess.

(Doc. 1, p. 7).

## II.   Discussion

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### A. Plaintiff Fails to State a Facially Plausible § 1983 Claim Against Public Defenders Killion and Sims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). A public defender may be found to act under color of state law, however, when engaged in a conspiracy with state officials to deprive his client of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Plaintiff's apparent claim of inadequate representation falls squarely under *Dodson*, and is therefore barred. Plaintiff attempts to overcome this bar by alleging the following conspiracy theory:

> I know that I'm not his priorty [sic] but 4th[.] His first is to the Government first, then the State's Attorney, because their [sic] under the same Judicial System and the Public Defender's Office work for the State, 3rd he is his o[w]n priority for self and his family, then me. If the State says we want him he has to sell me out so they bought, so then he "sold" me out for a cell or he would be in an [sic] cell hisself.

(Doc. 1, p. 5).

Plaintiff presents no facts to support his belief that a conspiracy exists. "When a plaintiff in a section 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that a "general conclusory allegation of conspiracy" will not bring a private party defendant within the realm of § 1983). Plaintiff's conclusory allegations are insufficient to state a federal civil rights claim against Assistant Public Defender Killion or Deputy Public Defender Sims. Plaintiff's claims against Killion and Sims, therefore, should be dismissed.

### B. Judge Patterson is Absolutely Immune from Suit

Judges are entitled to absolute immunity from suits arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239, 1239 (11th Cir. 2000) (internal quotation marks omitted). A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over

which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86.

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). Immunity protects judges from suits for money damages as well as injunctive relief, except where "a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1239 (internal quotation marks omitted).

It is clear from Plaintiff's allegations that Judge Patterson was acting within his judicial capacity when he denied Plaintiff's request for a *Nelson* hearing and ordered Plaintiff removed from the courtroom. Plaintiff's claims against Judge Patterson, therefore, should be dismissed based on absolute judicial immunity.

### C.     State Attorneys Sykes and Hess are Immune from Suit

The defense of absolute immunity extends to prosecutors. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution, and appearances before the court and other in-court activity, are classic examples of actions taken by a prosecutor in performing his or her role as a government advocate. *Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").

For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." (quotations omitted)). Thus, absolute prosecutorial immunity applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).

Prosecutors Sykes and Hess are entitled to absolute immunity from suit for damages, because their allegedly unlawful actions were performed within the scope of their role as government advocates. *Rivera*, 359 F.3d at 1353. Further, although prosecutors do not enjoy absolute immunity from suits for injunctive relief, *see Bolin*, 225 F.3d at 1242, the injunctive relief Plaintiff seeks here cannot be granted for the reasons discussed below. Accordingly, Plaintiff's claims against Assistant State Attorney Sykes and State Attorney Hess should be dismissed.

**D.     Plaintiff's Claims for Injunctive Relief are Barred by *Younger v. Harris* and are Otherwise Not Cognizable**

Plaintiff asks this court to appoint a particular attorney to represent him in his criminal proceeding in a Florida court, and to require Judge Patterson to recuse himself. The *Younger* abstention doctrine bars this court from considering these claims.

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and *Samuels v. Mackell*, 401 U.S. 66 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d

1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Subsequent decisions have refined *Younger* to state that the exceptions are applicable only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus Cty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

Resolving Plaintiff's claims for recusal and for the appointment of private counsel would significantly interfere with the pending state criminal prosecution. None of the exceptions to the *Younger* doctrine apply. Plaintiff's allegations do not establish, or support an inference, that his prosecution is motivated by bad faith. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25

(1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Plaintiff makes no such showing here. Additionally, Plaintiff has an adequate state forum in which to raise his claims. He may raise his claims in his state criminal proceeding.

### E. Plaintiff Lacks Standing and Federal Court Lacks the Authority to Initiate a Federal Criminal Prosecution of the Defendants

Plaintiff also requests that each Defendant be charged with perjury. Plaintiff does not have standing to bring such a claim. A private citizen lacks standing to initiate a lawsuit to force the prosecuting authority to prosecute someone. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.*; *see also Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that an alleged victims of crime lacks a constitutional right to compel criminal prosecution).

Furthermore, federal courts do not possess the authority to initiate prosecutions or to order the Justice Department to prosecute someone. "Under the

authority of Art. II, s 2, Congress has vested in the Attorney General"—not the federal courts—"the power to conduct the criminal litigation of the United States Government." *United States v. Nixon*, 418 U.S. 683, 694 (1974) (citing 28 U.S.C. § 516). Accordingly, it is officials in the executive branch of government who decide whether a prosecution should be commenced. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (noting that the decision as to which crimes and criminals to prosecute is entrusted by the Constitution to the executive branch); *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) ("A decision to prosecute is within the United States Attorney's substantial discretion . . . ."). This claim, therefore, also should be dismissed.

### F.  Dismissal is Appropriate

Plaintiff's complaint fails to state a facially plausible claim for relief under § 1983 against any Defendant. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Plaintiff's

complaint cannot be cured by amendment, this case should be dismissed without affording Plaintiff an opportunity for a futile amendment of his complaint.

### III.   Conclusion

For the reasons set forth above, it is **ORDERED**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the limited purpose of dismissing this action.

The undersigned respectfully **RECOMMENDS** that:

1.   This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

2.   The clerk of court close this case file.

At Panama City, Florida, this 10th day of June 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**